IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LEWIS NICHOLS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 1:20-cv-1194 |
| | § | |
| UNITED STATES SMALL BUSINESS | § | |
| ADMINISTRATION | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Lewis Nichols, "Plaintiff," and brings this complaint against the United States Small Business Administration ("SBA" or "Defendant"). In support thereof, Plaintiff alleges and states as follows:

## I.

## PARTIES

1.1    Plaintiff Lewis Nichols is a natural person who lives in Austin, Texas.

1.2    Defendant, United States Small Business Administration, is an agency of the United States. Accordingly, pursuant to FED. R. CIV. P. 4(i), service of the summons and complaint will be accomplished as follows:

(1)    A copy of the summons and complaint will be sent by registered or certified mail to the "civil process clerk" at the office of the United States Attorney's Office for the Western District of Texas, as follows:

> Civil Process Clerk
> United States Attorney's Office
> Western District of Texas, Austin Division
> 816 Congress Avenue, Suite 1000
> Austin, TX 78701

(2)  A copy of the summons and complaint will be sent by registered or certified mail to the Attorney General of the United States, as follows:

> Attorney General of the United States
> U.S. Department of Justice
> 950 Pennsylvania Avenue, N.W.
> Washington, D.C. 20530-0001

(3)  A copy of the summons and complaint will be sent by registered or certified mail to the United States Small Business Administration, as follows:

> United States Small Business Administration
> 409 3rd Street, SW
> Washington, DC 20416

## II.

## JURISDICTION

2.1    This Court has jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C. § 1331 because this is a civil action which involves the interests of the United States and its agency, SBA.

## III.

## VENUE

3.1    Venue is proper in the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391(e)(1)(C) because Plaintiff resides in this district and there is no real property involved in this suit.

## IV.

## FACTS

4.1    On February 27, 2009, Oak Tree Properties, LLC ("Oak Tree") made and executed a Note in favor of North Texas Certified Development Corporation ("NTCDC") in the original principal amount of $1,441,000.00 ("Note").  In conjunction with the execution of the Note, Oak

Tree made and executed a "Deed of Trust" and an "Assignment of Leases and Rents and Subordination Agreement" regarding certain real property located in Bexar County, Texas.

4.2     Concurrently with the execution of the Note, Plaintiff and another individual executed an "Unconditional Guarantee" of the Note.  The Note and Unconditional Guarantee were then immediately assumed by SBA from NTCDC.

4.3     On August 31, 2010, Oak Tree's obligations under the Note were assumed by BA & W Enterprises, Inc., a Texas Corporation, and Ace Walker, individually.   SBA approved this assumption of the Note.

4.4     SBA has acknowledged that the Note has now been paid in full.  Specifically, on February 21, 2017, a Release of Lien was recorded in the Bexar County Official Records.  *See* Exhibit 1, attached hereto.  On Page 5 of the Release of Lien, the following statement is made:

> "*Holder of Note and Lien [i.e., SBA] acknowledges payment in full of the Note* and releases the Property from the Lien and from all liens held by Holder of Note and Lien, without regard to how they were created or evidenced."

*See* Exhibit 1 at Page 5.  The Release of Lien (Exhibit 1) was signed by Steve Park, as Supervisory Loan Officer of the Small Business Administration, and it was notarized.

4.5     In Paragraph 1 of the Unconditional Guarantee signed by Plaintiff, the following language appears:

> "1.  GUARANTEE.  Guarantor unconditionally guarantees payment to Lender for all amounts owing under the Note.  *This Guarantee remains in effect until the Note is paid in full.*  Guarantor must pay all amounts due under the Note when Lender makes written demand upon Guarantor.  Lender is not required to seek payment from any other source before demanding payment from Guarantor."

(Emphasis added).  Because the Note has been "paid in full" (according to SBA), the Unconditional Guarantee no longer remains in effect.

4.6     Nevertheless, SBA continues to seek payment on the Note from Plaintiff. Specifically, in October 2018, despite acknowledging that the Note had been paid in full, SBA

wrongfully seized Plaintiff's tax refund for the year 2017. The amount wrongfully seized by SBA totals $27,805.83.

4.7     Furthermore, SBA continues to seek payment from Plaintiff in additional amounts totaling $94,085.10, with a rate of interest of 7.5%.

## V.

### COUNT ONE:  REQUEST FOR DECLARATORY JUDGMENT

5.1     Plaintiff realleges each and every allegation set forth in Paragraphs 1.1 through 4.7, inclusive, and incorporates them herein by reference.

5.2     In accordance with 28 U.S.C. § 2201(a), Plaintiff requests a declaration from the Court "of the rights and other legal relations" of the interested parties.  Specifically, Plaintiff seeks a declaration that the assumption of the Note by a third party operated to release and extinguish Plaintiff's obligation as guarantor on the Note.  In the alternative, Plaintiff seeks a declaration that Plaintiff's obligation as guarantor on the Note was released and extinguished on February 21, 2017 as part of the SBA's confirmation in the February 21, 2017 Release of Lien (attached hereto as Exhibit 1) that the Note has been paid in full.

5.3     Plaintiff further seeks a declaration by the Court that all amounts collected from Plaintiff by SBA subsequent to Plaintiff being released from his obligations under the Unconditional Guarantee shall be repaid and reimbursed to Plaintiff.

## VI.

### COUNT TWO:  RETURN OF MONEY

6.1     Plaintiff realleges each and every allegation set forth above in Paragraphs 1.1 through 5.3, inclusive, and incorporates them herein by reference.

6.2     As stated above, SBA has seized $27,805.83 from Plaintiff, and the SBA has expressed its intention to continue to seek payment from Plaintiff in additional amounts totaling

$94,085.10, with a rate of interest of 7.5%.

6.3    Upon declaration by the Court that Plaintiff's obligation as guarantor on the Note has been released and extinguished, SBA should be further ordered to repay and reimburse Plaintiff for all sums of money it has wrongfully seized since the date Plaintiff's obligation under the Unconditional Guarantee was released and extinguished.

## VII.

## REQUEST FOR ATTORNEY'S FEES

7.1    Plaintiff has retained the undersigned to represent Plaintiff in this action and has agreed to pay reasonable attorney's fees.  Plaintiff therefore requests an award of reasonable attorney's fees and expenses, as authorized under 28 U.S.C. § 2412(b).

## VIII.

## JURY DEMAND

8.1    Plaintiff asserts his right under the Seventh Amendment to the United States Constitution, and pursuant to FED. R. CIV. P. 38, demand a trial by jury on all issues.

## IX.

## PRAYER

Plaintiff requests that Defendant be cited in terms of law to appear and answer herein and that upon final trial and hearing, the Plaintiff have a judgment against the Defendant, for declaratory judgment, actual damages, attorney's fees and expenses, and for such other and different amounts as they shall show by proper amendment, together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity, both general and special, to which the Plaintiff may show himself entitled to and to which the Court believes him deserving.

Respectfully submitted,

CLEMENTS LEGAL SERVICES, P.C.

*/s/ Jim Clements*
**Jim Clements**

Texas State Bar No. 00787251
9442 Capital of Texas Highway North
Arboretum Plaza One, Suite 500
Austin, Texas 78759
Tel. (512) 478-4489
Fax (512) 961-3281
jim@clementsfirm.com

**ATTORNEY FOR PLAINTIFF**